IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES**

v.                                        **CRIMINAL NO. 1:22-cr-138-TBM-BWR**

**ALBERT DEONTA CRAFT, III**

## ORDER

Now before the Court is Defendant Albert Deonta Craft, III's Motion for Reconsideration [39] of the Court's Order [37] denying Craft a sentencing reduction under Sentencing Guidelines Amendment 821—Part A. The Government has not filed a response. Upon review of Craft's Motion, the record, and the applicable legal authority, the Court finds that Craft's Motion for Reconsideration [39] should be denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

Craft's current term of incarceration results from his conviction on the two count Indictment for possession of a firearm by a convicted felon and possession of ammunition by a convicted felon in violation of Title 18 U.S.C. § 922(g)(1) and 924(a)(8). Craft was sentenced to a term of 46 months imprisonment. On June 13, 2024, this Court denied Craft a sentence reduction under 2023 U.S.S.C. Amendment 821. He now seeks reconsideration of that decision and asks the Court to lower his criminal history points. Specifically, Craft argues that under Amendment 821—Part A, "the two criminal history points added at his sentencing in 2023 would *not* be added if Mr. Craft were sentenced today." [39], pg. 3. He further argues that, under this amendment, his criminal history category should be reduced from III to II with a guideline range of 37 to 46 months. *Id*.

## II. DISCUSSION AND ANALYSIS

"Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device." *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982). "Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1179 (D. Or. 2008) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, Craft's Motion to Reconsider is merely a form motion with no mention of what this Court must consider. Without more, his Motion should be denied. *See United States v. Heredia*, No. 19-cr-51-GGG, 2024 WL 3105019, at * 2 (E.D. La. Jun. 24, 2024).[1] To begin, he does not present the Court with newly discovered evidence, nor does he argue that such evidence exists. Second, he does not argue that there was any intervening change in the law. Finally, he does not argue that the Court erred in its prior decision or that any other circumstances exist warranting reconsideration. Instead, Craft simply argues that the Court should resentence him to avoid "unwanted sentencing disparities." And Craft does not point to any specific defendant who is similarly situated in terms

---

[1] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Whale Cap., L.P. v. Ridgeway*, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

of specific conduct and history. Further even if it were assumed there were some type of minor disparity, Craft's original sentence of 46 months does not create such a disparity "between similarly situated defendants" to justify a different sentence. Indeed, even if his criminal history score was lowered by two points and his guideline range was recalculated, as requested, his sentence of 46 months would nevertheless be within the recalculated guideline range.

Finally, in consideration of the other Section 3553(a) factors, including the nature and circumstances of the offense and the need for the sentence imposed, the Court finds that he is not entitled to a reduction in sentence. As discussed at sentencing, Craft has prior criminal history beginning as early as age 15 and has a number of prior convictions, such as manslaughter for the negligent handling of a firearm which resulted in the death of his six year old brother. Therefore, after careful consideration of the record, Craft's Motion, the applicable legal authority, the facts and circumstances of this case, the personal history and characteristics of Craft, the Court finds that Craft's original sentence of 46 months is appropriate. Craft's Motion for Reconsideration [39] is denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant Albert Deonta Craft, III's Motion for Reconsideration [39] is DENIED.

**This, the 24th day of July, 2024.**

　　　　　　　　　　　　　　　　　　　　　　　**TAYLOR B. McNEEL**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**